IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDREA FREEMAN, et al.** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) Case No. 12−cv−1255−DRH−SCW |
| | ) |
| **THE R.E.M. GROUP, INC., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**WILLIAMS, Magistrate Judge:**

On June 30, 2014, the undersigned held a hearing on Plaintiffs' Second Motion for Sanctions against Defendant R.E.M. Group. (Doc. 88). During the hearing, Plaintiffs orally moved that they be permitted to take the deposition of Roberto Escalet in the district at his expense. The following is a summary of the Court's reasoning, otherwise found on the record. The Court **GRANTS in pat and DENIES in part** the Motion for Sanctions. (Doc. 88). The Court **GRANTS** the request to take Mr. Escalet's deposition within the district and at his expense.

Briefly, the issues that lead to the current Motion involve the late production of certain relevant time cards of the Plaintiffs'. Additionally, at one point an unintentional misrepresentation was made that discovery was complete. In fact, some time cards remain missing. These are both problematic issues. Plaintiffs have requested an adverse inference in their favor due to the lateness of the discovery. The Court finds that an adverse inference would not be appropriate at this time. Plaintiffs base their request off Federal Rule of Civil Procedure 37(b), which authorizes relief for failure to comply with a court order because Defendant R.E.M. was late in complying with the Court's order requiring them to produce the time cards. However, because some time cards have never been produced, the Court finds that the relevant adverse inference jury instruction would be

7th Cir. Pattern Instruction 1.20, Spoliation/Destruction of Evidence. That instruction is only proper where there is willful destruction of evidence. **Miksis v. Howard, 106 F.3d 754, 763 (7th Cir. 1997)**. Here, the parties have not taken the deposition of any of the agents or officers of Defendant R.E.M. group. It would be premature for the Court to determine that the unavailability of the time cards was due to an act of willful destruction. The Court **DENIES** the request for an adverse instruction **without prejudice** at this time. Should the facts develop further, the instruction may be warranted at a later time.

During the hearing, the Plaintiffs orally amended their Motion in light of the Court's decision on the adverse inference instruction. They requested that the Court Order Defendant to produce Mr. Escalet for a deposition within the district at his expense. The Court finds this request reasonable. The Court **GRANTS** this request so that Plaintiffs may inquire into the discovery matters covered in Mr. Escalet's affidavit in support of Defendant R.E.M's opposition to the Motion for Sanctions, as well as any other substantive issues in this case.

Plaintiffs have requested attorney's fees for their work in addressing this discovery dispute. In support of their request, each attorney filed an affidavit. (Doc. 88-5) (Doc. 88-6). The Court finds that the proposed rate of $250.00 is reasonable, and Defendant R.E.M. agreed. The Court finds that all the hours (7.9) claimed in Attorney Evans' affidavit are reasonable. (Doc. 88-6, p. 3). Therefore, Attorney Evans is entitled to an award of $1,975.00. As to Attorney Charpentier, the Court finds that the proposed rate of $250.00 an hour is reasonable. However, as to the hours submitted by attorney Charpentier, the Court finds that he is not entitled to be compensated for the hours (2.2) spent researching the applicable law on 5/22/14 because the Court did not grant his request for an adverse inference. Additionally, the Court halves the hours spent preparing the Motion for Sanctions on 5/19/2014 and 5/23/2014. The total for those two days comes to 4.4 hours, and so Attorney Charpentier is entitled to 2.2 hours for those two days. Thus, Attorney

Charpentier is entitled to compensation for 4.9 hours, which comes to a total of $1,225.00. Defendant REM group shall pay Plaintiffs' attorneys $3,200.00, which shall be paid within thirty (30) days of this Order, or on or before **July 30, 2014**.

**IT IS SO ORDERED**

**Date:** June 30, 2014                                                           **/s/ *Stephen C. Williams***
                                                                                                    **Stephen C. Williams**
                                                                                                    United States Magistrate Judge