IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREA FREEMAN, et al.,

    Plaintiffs,

vs.                                       No.   3:12-cv-1255-DRH-SCW

BERKELEY CONTRACT PACKAGING,
LLC and THE R.E.M. GROUP, INC.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

This matter comes before the Court on plaintiffs' Andrea Freeman, Angela Vasques, Jessica Barron, and Kenneth Wylie's first amended combined motion to conditionally certify class, order disclosures of putative class members' names and contact information, and to facilitate class notice (Doc. 43). Defendants Berkeley Contract Packaging, LLC ("Berkeley") and The R.E.M. Group, Inc. ("The R.E.M. Group") responded (Docs. 53, 55). Plaintiffs replied (Doc. 58). For the following reasons, plaintiffs' motion is **GRANTED in part** and **DENIED in part.**

Plaintiffs were employed first by defendant R.E.M. Group and then by Berkeley as line workers in Berkeley's packaging plant. Plaintiffs have filed suit on behalf of themselves and those similarly situated, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.* (Counts I & II) and pursuant to the Illinois Wage Payment and Collection Act (Counts III & IV) for

defendants failure to pay plaintiffs and other employees their wages and overtime compensation. Specifically, plaintiffs allege that defendants required employees to report to work at least 15 minutes before the scheduled start of their shift but did not pay plaintiffs and other employees for that time.

Plaintiffs seek to have their FLSA claims conditionally certified as a collective action under 29 U.S.C. § 216(b). Plaintiffs propose notice to the class attached as Exhibit D (Doc. 44-4). From plaintiffs' motion and their proposed notice, the Court extrapolates plaintiffs' request as the conditional certification of the following class:

> All current and former employees of Berkeley and The R.E.M. Group who have been employed as line workers at the Berkeley plant located at 5628 Inner Park Drive, Edwardsville, IL 62025 from August 23, 2010 to the present and who worked in excess of forty (40) hours in a single workweek.

(Docs. 43 at 1, 44-4).

## II. Analysis

The FLSA allows an employee (or former employee) to bring an action against his or her employer on behalf of the employee and other employees similarly situated. 29 U.S.C. § 216(b). A collective action under the FLSA preempts and also differs significantly from the class action procedure under FEDERAL RULE OF CIVIL PROCEDURE 23 in that a similarly situated employee does not become a plaintiff in a case proceeding under § 216(b) (and thus is not bound by a subsequent judgment) "unless he gives his consent in writing to become such a party" and files a consent in the court where the action is pending. 29 U.S.C. §

216(b); *see also Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 976 (7th Cir. 2011). In other words, a collective action under the FLSA requires a more proactive approach: putative class members must "opt in" to participate, whereas putative class members in a proceeding under Rule 23 remain class members unless they "opt-out." The Supreme Court has found that the FLSA allows district courts discretionary authority to "facilitat[e] notice to potential plaintiffs" in a collective action. *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 170 (1989).

An ad hoc two-step process is commonly applied by district courts in determining whether to conditionally certify a collective action under the FLSA. *See Mielke v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 762 (N.D. Ill. 2004) (Castillo, J.) (collecting cases). The first step, or "notice" step, requires the Court determine whether potential class members are "similarly situated" and should be given notice and the opportunity to opt-in. *Mielke*, 313 F.Supp.2d at 762. This determination should not involve adjudication of the merits of the claims, but instead, allows for a more "lenient" analysis of whether potential class members are "similarly situated." *Id.* As the Seventh Circuit has yet to set forth the analytical parameters to determine whether a person is "similarly situated," other courts have adopted the "modest factual showing" standard, which requires the moving plaintiff "to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Flores*, 289 F.Supp.2d 1042, 1045 (N.D.Ill. 2003) (Norgle, J.); *see also Gambo v. Lucent Technologies, Inc.*, Case No. 05-c-3701, 2005 WL 3542485 at (N.D. Ill. 2005) (Filip, J.). Thus, a Court may

conditionally certify a collective action class. After discovery has ensued, a more stringent, factual determination regarding members of the class are "similarly situated" can be made upon a party's motion to "decertify" the class. *Milke*, 313 F.Supp.2d at 762 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)).

### A. Conditional Certification

Plaintiffs allege that defendants violated the FLSA by failing to pay plaintiffs and other employees their wages and overtime compensation. Plaintiffs assert that they have alleged a single plan, practice and policy of Berkeley and The R.E.M. Group requiring line workers to report to work 15 minutes before their start time and not paying them for the 15 minutes per day worked. In support of this assertion, plaintiffs provide the declaration of plaintiff Andrea Freeman (Doc. 44-1), the declaration of plaintiff Angela Vasques (Doc. 44-2) and what appears to be an unsigned Berkeley Contract Rules[1] (Doc. 44-3).

In their responses, both defendants appear to urge the Court to make extensive factual and credibility decisions. Specifically, Berkeley asserts they had nothing to do with drafting the Berkeley Contract Rules provided by plaintiffs and did not approve it (Doc. 53 at 3). Furthermore, both defendants detail the specific procedures in place at the start of a shift including written policies, employee manuals, and a review of deposition material. However, at this stage of the litigation, the Court "does not resolve factual disputes, decide substantive issues

---

[1] Berkeley is misspelled as Berkely on the document.

going to the ultimate merits or make credibility determination." *Summa v. Hofstra University*, 715 F.Supp.2d 378, 385 (E.D.N.Y. Jun. 1, 2010. Therefore, while there are clearly outstanding factual issues yet to be resolved, the Court finds that plaintiffs have met the "modest factual" standard as required to conditionally certify a class pursuant to the FLSA. Plaintiffs have sufficiently demonstrated that they, as line workers, were victims of a common policy or plan, the requirement to arrive 15 minutes prior to a shift. The class definition is modified as indicated below in order to comply with the FLSA's statute of limitations requirement.

B.  **Notice to Potential Plaintiffs**

Next, the Court must determine whether plaintiffs' proposed notice is appropriate. Plaintiffs have attached the proposed notice to the class of potential plaintiffs as Exhibit D (Doc. 44-4). Plaintiffs also request that the Court order Berkeley and The R.E.M. Group to provide names, last known addresses and telephone numbers in a readable electronic format for all class members, authorize plaintiffs to disseminate notice to the line workers at their last-known mailing address and that defendants provide notice to current line workers by attaching notice to their paychecks or paystubs.

Defendants assert that the notice must be amended to adjust the class definition so that it only applies to line workers at the facility in Edwardsville, Illinois, who: (1) actually arrived 15 minutes before their shift; (2) worked forty hours or more during the week in which they arrived 15 minutes early; and (3) were not paid overtime compensation during the week in which they arrived 15 minutes

early and worked forty hours or more. Defendants also argue that the notice should identify which shifts are at issue, as well as the time period during which the alleged policy was in effect. Finally, defendants assert that the time period on the notice must be adjusted to satisfy the FLSA three-year statute of limitations. In their reply, plaintiffs agree that the class definition should be modified in accordance with the FLSA maximum 3-year statute of limitations.

Once a collective action is conditionally approved, "the court has managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-LaRoche*, 493 U.S. at 170-71. As a preliminary matter, the class definition as provided in the notice to potential plaintiffs is clearly limited to the plant in Edwardsville. Plaintiffs have also agreed that the notice should be modified in accordance with the FLSA 3-year statute of limitations. However, the Court finds the majority of defendants' other proposed amendments confusing and significantly burdensome to the potential plaintiffs. Therefore, the Court approves plaintiffs' proposed form of notice with the statute of limitations modification. The date in the notice shall read July 9, 2011 not August 23, 2010.

### III. Conclusion

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** plaintiffs' motion for conditional class certification (Doc. 43). The Court hereby **GRANTS** plaintiffs' request for conditional certification. The conditional certification of this collective action shall encompass a class as follows:

All current and former employees of Berkeley and The R.E.M. Group who have been employed as line workers at the Berkeley plant located at 5628 Inner Park Drive, Edwardsville, IL 62025 from **July 9, 2011** to the present and who worked in excess of forty (40) hours in a single workweek.

Plaintiffs' proposed notice is also authorized, subject to the modification explained above.

**IT IS SO ORDERED.**
Signed this 9th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.09 16:31:10 -05'00'

**Chief Judge**
**United States District Court**