IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANDREA FREEMAN, et al.,

    Plaintiffs,

vs.                          No.   3:12-cv-1255-DRH-SCW

BERKELEY CONTRACT PACKAGING,
LLC and THE R.E.M. GROUP, INC.,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

This matter comes before the Court on plaintiffs' Angela Vasques, Jessica Barron, and Kenneth Wylie's motion for class certification (Doc. 61). Defendants Berkeley Contract Packaging, LLC ("Berkeley") and The R.E.M. Group, Inc. ("The R.E.M. Group") responded (Docs. 68, 73). Plaintiffs replied (Docs. 75, 86). For the following reasons, plaintiffs' motion is **DENIED without prejudice.**

Plaintiffs were employed first by defendant R.E.M. Group and then by Berkeley as line workers in Berkeley's packaging plant. Plaintiffs have filed suit on behalf of themselves and those similarly situated, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.* (Counts I & II) and pursuant to the Illinois Wage Payment and Collection Act (Counts III & IV) for defendants failure to pay plaintiffs and other employees their wages and overtime compensation. Specifically, plaintiffs allege that defendants required employees to

report to work at least 15 minutes before the scheduled start of their shift but did not pay plaintiffs and other employees for that time.

Plaintiffs request that the Court enter an order certifying this lawsuit as a class action as to the Illinois Wage Payment and Collection Act claims (Counts III & IV) pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiffs seek certification of the following class:

> All persons employed by either Defendant Berkeley or Defendant REM at Defendant Berkeley's packaging facility in Madison County, Illinois from September 11, 2008 to the conclusion of this action who were not paid for all time worked.

(Doc. 62 at 6).

## II. Analysis

A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. *Wal–Mart Stores v. Dukes*, 131 S.Ct. 2541, 2551 (2011). "Rule 23 does not set forth a mere pleading standard." *Id.* Rather, the plaintiff seeking class certification "must affirmatively demonstrate" her compliance with Rule 23. *Id.* In addition, an implicit prerequisite to class certification is that a sufficiently definite class must exist. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 977-78 (7th Cir. 1977). If these requirements are met, the district court has broad discretion to determine whether certification is appropriate in a particular case. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir.1993); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981). Before deciding whether to allow a case to proceed as a class

action, a district court judge should make whatever factual and legal inquiries are necessary under Rule 23, even if those considerations overlap the merits of the case. *Dukes*, 131 S.Ct. at 2552. However, "the court should not turn the class certification proceedings into a dress rehearsal for trial on the merits." *Messner v. Northshore University Health System*, 669 F.3d 802, 811 (7th Cir.2012).

"A plaintiff who moves for class certification must satisfy the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a), as well as at least one subsection of Rule 23(b)." *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 716 (7th Cir. 2012); *Spano*, 633 F.3d at 582. Before addressing the four Rule 23(a) requirements, courts must determine whether the putative class meets two implied prerequisites of Rule 23: (1) that the class definition be sufficiently precise to enable a court to ascertain the identity of class members by reference to objective criteria; and (2) that the named representative be a member of the proposed class. *See Alliance to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *Clay v. Am. Tobacco Co.*, 188 F.R.D. 483, 490 (S.D. Ill. 1999). A sufficiently precise class definition enables the court to weigh whether trying the lawsuit through the class mechanism would be burdensome and inefficient for both the court and the parties. *Simer v. Rios*, 661 F.2d 655, 670 (7th Cir. 1981). Proper class definition also ensures that only those individuals actually harmed by a defendant's wrongful conduct receive the benefits of relief. *Id.* In addition, where a party seeks to certify a class under Rule 23(b)(3), precise class definition is necessary to provide the "best notice that is practicable under the circumstances"

and ensure the binding effect of judgment on class members. *See* FED. R. CIV. P. 23(c)(1)(B), 23(c)(2)(B), 23(c)(3)(B).

Plaintiffs' class definition is not sufficiently precise to enable the Court to ascertain the identity of class members by reference to objective criteria. Specifically, plaintiffs' proposed class includes individuals who could not have been harmed—employees not covered by the Illinois Wage Payment and Collection Act. *See, e.g., Oshana v. Coca–Cola Bottling Co.*, 225 F.R.D. 575, 581 (N.D.Ill.2005), aff'd 472 F.3d 506 (7th Cir. 2006) (finding that plaintiff's proposed class definition of consumer fraud class consisting of "all purchasers of diet Coke in Illinois during a five year period" was overly inclusive and encompassed members without any injury or identifiable basis for standing). Also, relying on terms that assume liability in class definitions, here the phrase "who were not paid for all time worked," "makes it impossible to determine who is in the class until the case ends, and it creates the prospect that, if the employer should prevail on the merits, this would deprive the judgment of preclusive effect . . . ." *Bolden v. Walsh Constr. Co.*, 688 F.3d 893, 895 (7th Cir. 2012). Given the indefinite, extremely broad proposed class and based on the current record, the Court cannot determine at this time whether a more narrowly tailored class would meet the requirements of Rule 23. The Court also reminds plaintiffs that they bear the burden of proving that a proposed class meets the requirements of Rule 23.

### III. <u>Conclusion</u>

For the reasons stated above, the Court **DENIES without prejudice** plaintiffs' motion for class certification (Doc. 61).  The Court **GRANTS** plaintiffs leave to file a second motion for class certification as to the Illinois Wage Payment and Collection Act claims (Counts III & IV).   Plaintiffs, if they so choose, shall file a second motion for class certification on or before **October 27, 2014** not to exceed 30 pages.  Defendants will thereafter have until **November 26, 2014** to file any responses not to exceed 30 pages.  Plaintiffs' reply memorandum, if any, shall be filed by **December 15, 2014** and shall not exceed 10 pages.

**IT IS SO ORDERED.**

Signed this 26th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.26 00:51:52 -05'00'

**Chief Judge**
**United States District Court**