UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREA FREEMAN, et al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:12-CV-01255-DRH |
| ) | |
| BERKELEY CONTRACT PKG, LLC., et al, ) | |
| ) | |
| Defendants. ) | |

**<u>FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT, AWARDING CLASS COUNSEL FEES, AWARDING CLASS REPRESENTATIVE ENHANCEMENT PAYMENT, AND DISMISSING ACTION WITH PREJUDICE</u>**

WHEREAS, Plaintiffs, Class Counsel, and Defendants have reached a preliminary settlement of this matter (the "Settlement"), the terms of which are set forth in the Settlement Agreement previously filed with the Court (Doc. 117-3, the "Settlement Agreement");

WHEREAS, on March 27, 2015, this Court entered its Order Granting Preliminary Approval of Class Action Settlement and Certifying Classes Pursuant to Fed. R. Civ. P. 23 (Doc. 119, the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order authorized notice to be sent to the settlement class members (the "Class Notice"), gave interested persons until May 25, 2015, to object to the settlement or opt-out of the settlement class, and set the fairness hearing for July 15, 2015;

WHEREAS, the Class Notice was timely sent, no objections were filed and, to date, four persons have opted-out of the settlement class;

1

WHEREAS, on July 15, 2015, the Court held the fairness hearing at which the represented parties appeared by their attorneys of record and two settlement class members appeared to support the settlement;

NOW, THEREFORE, the represented parties having appeared by their attorneys of record; an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; having considered the terms of the proposed Settlement as set forth in the Settlement Agreement, a copy of which has been submitted to the Court; taking into account that no objections to the Settlement were filed; having considered the entire record herein, including all of the submissions and arguments with respect to the Settlement and request for attorneys' fees; and being otherwise fully advised in the premises, the Court hereby enters this Final Judgment and Order granting final approval of the Settlement, and finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this action and all parties to this action, including all members of the Settlement Classes as defined in Paragraph 2 of the Settlement Agreement.

2. This Final Order Approving Class Action Settlement ("Final Order") incorporates and makes part hereof: (a) the Parties' Settlement Agreement, and (b) the Court's findings and conclusions contained in its Preliminary Approval Order. All defined terms in this Final Order shall have the same meanings as in the Settlement Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. For purposes of the Settlement only, the Court finds that the law firms of Growe Eisen Karlen and Evans Blasi ("Class Counsel") and the Class Representatives have fully and adequately represented the Class in the action and for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5. The Court further finds that the applicable requirements of Fed. R. Civ. P. 23 have been satisfied with respect to the Settlement Class and the proposed Settlement. The Settlement Class is certified under the applicable provisions of Fed. R. Civ. P. 23(a) and 23(b)(3). Specifically, this Court finds that, with regard to the proposed Settlement Class, Rule 23(a) is satisfied in that (1) the Settlement Class, as defined below, is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to members of the Settlement Class; (3) Plaintiffs' claims are typical of the claims of members of the Settlement Class; and (4) Class Counsel and the Class Representatives have fairly and adequately protected the interests of the Settlement Class. Furthermore, with regard to the proposed Settlement Class, Rule 23(b)(3) is satisfied in that issues of law and fact that are common to the Settlement Class predominate over those affecting individual Settlement Class members and a class action is the superior method to adjudicate these claims.

The Court, therefore, certifies for settlement purposes the following Settlement Classes pursuant to Fed. R. Civ. P. 23(b)(3):

<u>The FLSA Class</u>

All current and former employees of Berkeley Contract Packaging, LLC, and/or The R.E.M. Group, Inc., who were employed as line workers at the Berkeley plants located at either 5628 Inner Park Drive, Edwardsville, Illinois 62025 or 22 Gateway Commerce Center Drive, Edwardsville, Illinois 62025 at any time from Jul 9, 2011 to the present and who: (a) worked in excess of forty (40) hours in a single workweek; and (b) previously submitted a Consent Form opting-in to be a class member for the FLSA Claims, as set forth in Exhibits 1 and 2 to Doc. 109 filed in the Lawsuit.

<u>The IWPCA Class</u>
All current and former employees of Berkeley Contract Packaging, LLC, and/or The R.E.M. Group, Inc., who were employed as line workers at the Berkeley plant located at either 5628 Inner Park Drive, Edwardsville, Illinois 62025 or 22 Gateway Commerce Center Drive, Edwardsville, Illinois 62025 at any time from September 11, 2008 to the present. Excluded from the IWPCA Class are: (1) all judges to whom this case is assigned; and (2) any current officer or director of Berkeley and/or The R.E.M. Group.

6. This certification is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendants that the action, or any other proposed or certified class action, is appropriate for any other purpose, including, without limitation, for trial class treatment.

7. The Court finds that the distribution of the Class Notice, as more fully described in the Affidavit of Kelly Kratz (attached hereto as Exhibit A) in

accordance with the terms of the Settlement Agreement and the Preliminary Approval Order:

    a.    constituted the best practicable notice to Class Members under the circumstances;

    b.    was reasonably calculated, under the circumstances, to apprise Class Members: (i) of the terms of the Settlement Agreement; (ii) of their right to exclude themselves from the Class, and the procedure for doing so; (iii) that any members of the Class who did not exclude themselves would be bound by the Settlement Agreement; (iv) of their right to object to any aspect of the proposed Settlement (including Class Counsel's request for attorneys' fees); and (v) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense.

    c.    constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

    d.    fully satisfied the requirements of all applicable laws including the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution, and the Local Rules of the United States District Court for the Southern District of Illinois.

8.  After the mailing the Class Notice to the 3,688 Settlement Class Members, only four (4) requests for exclusion from the IWPCA have been received. No requests for exclusion from the FLSA Class were received. The persons who have opted-out of the IWPCA Class are: Brittany Geisen, Deborah Largent, Joseph Marty, and Amy Tadlock (the "Opt-Outs"). The Opt-Outs are excluded from the IWPCA Class, shall not be bound by the Settlement or Judgment in this action, and shall not receive any benefit under the Settlement. Therefore, the FLSA Class consists of 113 individuals who have opted-in to participate in the FLSA Class and who did not opt-out after receiving notice of the Settlement. The IWPCA Class consists of all class consists of 3,684 IWPCA Class member who have not opted-out of the IWPCA Class.

9.  The Court finds that the Settlement was not the product of collusion or any other indicia of unfairness, is fair, reasonable, and adequate to the Class in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal. The Court finds that the Settlement represents a fair and complete resolution of all claims asserted on behalf of the Class and fully and finally resolves all such claims. The Court, therefore, approves the Settlement and directs the Parties to implement all terms and provisions of the Settlement Agreement.

10. It is hereby ordered that the Release as set forth in Paragraph 10 of the Settlement Agreement shall have full force and effect. Consequently, by entry

of this Order and Judgment, the Class Representatives and FLSA Class Members shall be deemed to have released all claims, to the extent permitted by law, that were raised in the Lawsuit, and all claims under federal law that were raised or could have been raised in the course of the Class Representatives' or FLSA Class Members' employment with Defendants relating to the payment of wages, overtime wages, and/or other compensation.  By entry of this Order and Judgment, the Class Representatives and IWPCA Class Members shall be deemed to have released all claims, to the extent permitted by law, that were raised in the Lawsuit, and all claims under state law that were raised or could have been raised in the course of the Class Representatives' or IWPCA Class Members' employment with Defendants relating to the payment of wages, overtime wages, and/or other compensation.  The Class Representatives and all members of the Settlement Class who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims released under the terms of the Settlement Agreement.

11.   The Court approves the Enhancement Payment of $250.00 to each of the Class Representatives Andrea Freeman, Kenneth Wylie, Jessica Barron and Angela Vasques as set forth in the Settlement Agreement.   The Enhancement Payments shall be disbursed pursuant to Paragraph 9.b of the Settlement Agreement.

12.   The Court finds the Class Counsel's request for attorneys' fees and expenses in the amount of $7,500.00 (to which no Class member objected), to be

paid by Defendants, separately and in addition to the payment to the Settlement Class, is fair and reasonable pursuant to Fed. R. Civ. P. 23(h). Class Counsel are hereby awarded attorneys' fees, expenses, and costs in the amount of $7,500.00, which amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with this action. The attorneys' fees and expenses shall be disbursed pursuant to Paragraph 9.b of the Settlement Agreement.

13. Neither this Final Judgment and Order, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Judgment and Order) is, may be construed as, or may be used as an admission or concession by or against the Class Representatives, Class Counsel, any members of the Settlement Class, and/or any Defendant of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever. Entering into, or carrying out, the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendants' denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto (including the Settlement Class Members) in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Judgment and Order and the Settlement Agreement; provided, however, that this Final Judgment and Order and the Settlement Agreement may be filed in

14. any action against or by the Parties hereto to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

15. In the event that the Settlement Agreement is terminated in accordance with the terms and provisions set forth in Paragraph 12 of the Settlement Agreement, then this Order and Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void.

16. Without further order of the Court, the Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. Immediately upon entry of this Final Judgment and Order, this action (including all individual and Class claims presented therein) shall be DISMISSED WITH PREJUDICE, without fees or costs to any Party except as otherwise provided in this Final Judgment and Order and the Settlement Agreement.

18. This Settlement Order and Judgment is a final judgment within the meaning and for purposes of Rule 54 of the Federal Rule of Civil Procedure.

19. The Court finds that no just reason exists for delay in entering this Settlement Order and Judgment. Accordingly, the Clerk is hereby directed

forthwith to enter this Settlement Order and Judgment pursuant to Fed. R. Civ. P. 54.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2015.

Digitally signed by David R. Herndon
Date: 2015.08.05 09:34:50 -05'00'

**United States District Court**